IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | ) | |
| | ) | Judge Suzanne B. Conlon |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Case No. 2012-cv-5077 |
| | ) | |
| PERRY MILOGLOU, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT REGARDING INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT CLAIMS**

Defendant, PERRY MILOGLOU, by and through his attorneys, VERNOR MORAN, LLC, and, pursuant to Fed. R. Civ. P. 12(e), moves this Court to enter an Order requiring Plaintiff to provide Defendant with a more definite statement to its' amended complaint, (Docket No. 16.), and in support thereof Defendant states as follows:

Fed. R. Civ. P. 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before the filing of a responsive pleading and must point out the defects complained of and the details desired…"

Plaintiff's complaint against Defendant purports to sue him for infringement and that Defendant was acting with a cackle of unnamed BitTorrent users. Additionally, multiple allegations against Defendant ostensibly appear to state a claim for contributory infringement throughout Plaintiff's amended complaint. Defendant therefore requests a more definite statement regarding Plaintiff's allegations of infringement and contributory infringement against Defendant if Plaintiff intends to proceed on those grounds.

The proper test in evaluating a motion for a more definite statement is whether the complaint provides the defendant with a sufficient basis to frame responsive pleadings. *Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575 (N.D. Cal. 1999). A party alleging contributory infringement must show "(1) direct infringement by a primary infringer, (2) knowledge of the infringement, and (3) material contribution to the infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.,* 380 F.3d 1154, 1160 (9th Cir. 2004).

Plaintiff has included allegations that arguably satisfy each element of a contributory infringement claim in its claim for infringement against Defendant. However, Plaintiff has alleged that other unnamed BitTorrent users are the primary infringers of Plaintiff's copyright. This constitutes the bulk of Plaintiff's amended complaint, and is incorporated throughout the complaint against Defendant. Second, Plaintiff has alleged that Defendant had knowledge of the infringing acts (¶37) and that "… the infringement by the other BitTorrent users could not have occurred without Defendant's participation" without naming the other BitTorrent users. (¶38) Further, Plaintiff alleges that Defendant profited along with other unnamed BitTorrent users. However, Plaintiff chose to label the cause of action as one of infringement, in a transparent attempt to avoid having to name all of the unnamed BitTorrent users and to avoid exposing itself to attorney fees and costs under Copyright Act §505 when it is ultimately unable to support its' allegations against either Defendant or the unnamed BitTorrent users.

Plaintiff has apparently accused Defendant of the elements of contributory infringement, but simultaneously claims that it has accused him only of infringement. Because Defendant cannot ascertain whether he has actually been accused of infringement or contributory infringement based on the inclusion of unnamed BitTorrent users' alleged use of the internet, Defendant is unable to frame a responsive pleading to these allegations. As such, Defendant

requests that Plaintiff provide a more definite statement with regard to any claims for infringement and contributory infringement against Defendant and that after Plaintiff provides Defendant with the more definite statement that Defendant be permitted to answer the complaint.

WHEREFORE, for the foregoing reasons, Defendant, PERRY MILOGLOU, requests that this Court enter an Order requiring Plaintiff to provide a more definite statement, that Defendant be permitted to answer the complaint after being provided with the more definite statement, and for any further relief this Court deems just under the circumstances.

Respectfully submitted,

PERRY MILOGLOU, Defendant,

Dated: January 3, 2013

By: s/Nicholas C. Kefalos
    One of his attorneys.

VERNOR MORAN, LLC
27 North Wacker Drive, Suite 2000
Chicago, Illinois 60606-2800
(312) 264-4460